*Decision will be entered under Rule 50.*

JAMES T. PETTUS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JAMES T. PETTUS TRUST FOR JAMES T. PETTUS, JR., MAY W. PETTUS, TRUSTEE, APPEARING ONLY AND SOLELY AS SUCH TRUSTEE FOR THE PURPOSE OF DENYING THE EXISTENCE OF THE JAMES T. PETTUS TRUST FOR JAMES T. PETTUS, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 102775, 102776, 102777. Promulgated December 2, 1941.

*George S. Roudebush, Esq.*, for the petitioners.
*C. H. Curl, Esq.*, for the respondent.

858

OPINION.

LEECH: As to the petitioner, James T. Pettus, respondent contends that he is taxable under section 167 of the Revenue Act of 1936 [1] upon the 1936 income of two trusts evidenced by trust agreements executed by him on November 10, 1933. In the alternative he contends that the petitioner, May W. Pettus, as trustee in each instance, is liable

---

[1] SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

(a) Where any part of the income of a trust—

(1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor ; or

(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor ;

  *   *   *   *   *   *   *

then such part of the income of the trust shall be included in computing the net income of the grantor.

for tax on such income, together with penalties thereon, due to her failure to file returns as such trustee.

The question is resolved by our finding that the petitioner, James T. Pettus, in 1925 and 1926, made complete and effective gifts then to his two minor children of the stock he transferred to them at that time.

The requisites of a valid gift *inter vivos* are concisely stated in *Estate of Lorenzo W. Swope*, 41 B. T. A. 213, as:

* * * (1) A donor competent to make the gift; (2) a donee capable of accepting the gift; (3) a clear and unmistakable intention on the part of the donor to divest himself of title, dominion, and control over the subject matter of the gift; (4) an irrevocable transfer by the donor to the donee, or to someone acting as trustee or agent for the donee; and (5) an acceptance of the gift by or on behalf of the donee. [Citations.]

All these requisites are present here. The minor children were capable of taking and accepting the gift. *Edward H. Heller*, 41 B. T. A. 1020. At least this is so here through their natural guardian, May W. Pettus, the mother. Sec. 375, Revised Statutes of Missouri, 1939. The intention of the petitioner, James T. Pettus, when the contested transfers were effected is a fact to be determined, as any other. This petitioner has testified that his intention in the transfer of this stock in 1925 and 1926 was to make present gifts to each of his two minor children, the income thereof to be received by his wife as their natural guardian and the property to be turned over to them in each case upon reaching majority. Petitioner May W. Pettus testified she was advised of this intention by petitioner James T. Pettus, and so understood it at the time these transfers were made. The testimony of both of these witnesses is convincing and we believe it.

That such was the intention in the making of these transfers is supported by many facts and circumstances. The original transfer of the stock designated petitioners' children as minor donees of the transfer and they were so designated on the stock certificates as reissued. Following this, for a period of some eight years, returns were duly filed each year for the individual child, in some instances by James T. Pettus, as agent, and in others by May W. Pettus, as natural guardian, reporting for tax all of the income received from the stock.

Under the circumstances, the execution of the purported trust agreements of November 10, 1933, is easily understood. These instruments were drawn by petitioners' attorney. The petitioner, James T. Pettus, is not a lawyer. These alleged trusts were drawn and executed because of a suggestion from an officer of the corporation in which the stock was held that the method of its holding should be by trust in order to more readily effect its transfer if such need arose. The fact that the

significance of the agreements executed on November 10, 1933, was not apparent to these petitioners is, we think, clearly demonstrated. Following the execution of these documents, returns as trustee were never filed. Upon reaching their majority each child received delivery of the stock held for it, in total disregard of the provisions of the so-called trusts, which purported to give to the daughter only a life interest in the stock and to the son a right to possession at 25 years of age.

The petitioner, James T. Pettus, admitted that a reduction of his income taxes was one of the considerations moving him in making the transfers in 1925 and 1926. But that fact, although requiring careful scrutiny of the transaction, is not decisive. *Gregory* v. *Helvering*, 293 U. S. 465. After that careful scrutiny of the evidence, we think our finding that these transfers were present and complete gifts of the stock transferred to his two minor children is amply supported by the evidence. This finding makes necessary, without more, a decision for the petitioners.

However, we think it proper to say that if we were of the opinion that the evidence here was insufficient upon which to base a finding that James T. Pettus made a present and complete gift in the transfer of this stock in 1925 and 1926, we would be concluded, at least as to the stock then transferred to Irene Pettus, by the finding and decree of the Circuit Court of St. Louis County establishing that fact. The question presented in that proceeding is a matter of property rights controlled by local law and the decision of the state court thereon is binding upon us. *Freuler* v. *Helvering*, 291 U. S. 35; *Blair* v. *Commissioner*, 300 U. S. 5; *Poe* v. *Seaborn*, 282 U. S. 101; *Hugh D. Rhodes et al., Administrators*, 41 B. T. A. 62; affd., 117 Fed. (2d) 509; *F. W. Fitch*, 43 B. T. A. 773; *Burton* v. *Burke*, U. S. Dist. Ct., (Kans.), July 1, 1941. Upon its face the decree in this case was rendered by a court of competent jurisdiction in an adverse proceeding with all parties represented, and evidence was presented and considered by the court.

The petitioner, James T. Pettus, having made a final and completed gift of the stock in question to his two minor children, in 1925 and 1926, and not a transfer in trust, is not taxable under section 167, *supra*, on the dividends received therefrom in 1936. It follows that the petitioner, May W. Pettus, did not hold title as trustee of the stock and therefore is not taxable as such on those dividends received from such stock. As their natural guardian, she was undoubtedly trustee of such dividends for each child after receipt, but the liability for tax on such income was that of the child to whom the stock belonged.

*Decisions will be entered under Rule 50.*